**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMMEL ANTHONY VALBUENA; et al., | No. 09-72749 |
| Petitioners, | Agency Nos.     A098-263-631 |
| | A098-263-719 |
| v. | A098-263-743 |
| | A098-263-744 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

| | |
|---|---|
| ROMMEL ANTHONY VALBUENA; et al., | No. 10-71967 |
| Petitioners, | Agency Nos.     A098-263-631 |
| | A098-263-719 |
| v. | A098-263-743 |
| | A098-263-744 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2014
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.**

Rommel Anthony Valbuena, his wife Maria Teresa Valbuena, and their minor children Erika Nicole Valbuena and Giancarlo Valbuena, bring this consolidated appeal challenging (1) the BIA's July 31, 2009 order affirming the Immigration Judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture, and (2) the BIA's June 11, 2010 denial of their motion to reopen their case.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We **GRANT** the petition for review of the BIA's denial of the motion to reopen in case number 10-71967, and we remand for further proceedings. We **DISMISS AS MOOT** the petition for review in case number 09-72749.

This Court reviews the BIA's denial of a motion to reopen for an abuse of discretion, and reviews de novo questions of law, "including claims of due process

---

** The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

violations due to ineffective assistance." *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005); *see also Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011).

To establish prejudice from ineffective assistance of counsel, the Valbuenas must show that "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." *Morales-Apolinar v. Mukasey*, 514 F.3d 893, 898 (9th Cir. 2008) (quoting *Munoz v. Ashcroft,* 339 F.3d 950, 955 (9th Cir.2003)) (emphasis in original). The BIA did not articulate the standard it applied in determining prejudice, but the Valbuenas have plausible grounds for relief. *See Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir. 2004). The BIA therefore abused its discretion in denying the motion to reopen.

The petition for review in case number 10-71967 is **GRANTED** and we remand to the BIA with instructions to reopen and remand the case to the IJ for further proceedings consistent with this memorandum. The petition for review in case number 09-72749 is **DISMISSED AS MOOT**.